People v Ortiz (2018 NY Slip Op 02709)





People v Ortiz


2018 NY Slip Op 02709


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6325 3365/02

[*1]The People of the State of New York, Respondent,
v
Javier Ortiz, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Arthur H. Hopkirk of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered September 12, 2013, which denied defendant's CPL 440.30(1-a) motion for DNA testing, unanimously affirmed.
The court properly denied defendant's motion for DNA testing of a combined hat and wig found on the street at the scene of a shooting, for which defendant was convicted in 2005. Defendant asserts that if the murder victim's DNA were to be found on this hat, that fact would support a justification defense. Defendant's theory, as set forth in his motion, is that the victim wore the hat to disguise his identity as part of a plan to attack defendant, and that the victim reached in his waist for a weapon as he rode past defendant on a bicycle.
In the first place, two eyewitnesses testified that the victim had nothing on his head, and the police recovered the hat at a distance from the victim's bloody clothing. Defendant's theory that DNA testing would show that the victim had been wearing the hat is speculative and does not provide a basis for DNA testing (see People v Concepcion, 104 AD3d 422 [1st Dept 2013], lv denied 21 NY3d 1003 [2013]; People v Figueroa, 36 AD3d 458, 459 [1st Dept 2007], lv denied 9 NY3d 843 [2007]). In any event, even if the victim's DNA was on the hat, defendant failed to establish that the verdict would have been more favorable to him if the DNA results had been admitted at trial (see generally People v Pitts, 4 NY3d 303, 311 [2005]). The claim that, assuming the victim had been wearing the hat, he had intended the hat to be a disguise is also speculative. Furthermore, defendant's version of the events does not support a justification defense, and would not have resulted in a more favorable verdict. Defendant's conduct in leaving the scene, obtaining a firearm, and returning to shoot the murder victim and that victim's wife was incompatible with a justification defense. Finally, we note that defendant did not assert a justification defense at trial. We find unpersuasive defendant's assertions that the presence of the murder victim's DNA on the hat would have led defendant to claim justification, or that such
DNA evidence would have undermined the credibility of the eyewitnesses to the extent of affecting the verdict.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK